IN THE UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANNA L. SOUTHWORTH                                                                                  PLAINTIFF

V.                                                  NO. 11-2196

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Anna L. Southworth, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

### I.    Procedural Background:

Plaintiff protectively filed her application for DIB on January 22, 2008, alleging an inability to work since January 20, 2006, due to "Whiplash, bulging discs in neck and lower back, crushed discs." (Tr. 176, 205). An administrative hearing was held on May 10, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 28-77).

By written decision dated August 13, 2010, the ALJ found Plaintiff had the following severe impairments: mild foraminal stenosis of the cervical spine with myofascial strain;

headaches; and sacroiliac joint dysfunction. (Tr. 16). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform:

> a limited range of light work as defined in 20 CFR 404.1567(b): she cannot lift and/or carry more than 20 pounds occasionally and 10 pounds frequently; stand and/or walk for more than a total of six hours in an eight-hour workday; sit for more than a total of six hours in an eight-hour workday; use the upper extremities for repetitive, over-the-shoulder activities; or stoop/bend or twist at the waist on a repetitive basis.

(Tr. 17). With the help of a vocational expert (VE), the ALJ determined that Plaintiff's past relevant work as a court clerk and receptionist/office coordinator did not require the performance of work-related activities precluded by her RFC, and therefore, she was not prevented from performing her past relevant work. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 13, 2011. (Tr. 3-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 8).

The Court has reviewed the entire 786 page transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ failed to properly develop the evidence; 2) The ALJ failed to consider evidence which fairly detracted from his findings; and 3) The ALJ failed to apply proper legal standards (relating to credibility of subjective complaints, weight of physician's opinion, RFC of Plaintiff, and RFC of past relevant work). (Doc. 7).

**A. Full and Fair Development of the Record and Consideration of Evidence Which Fairly Detracted From the ALJ's Findings:**

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010).  However, the ALJ is not required to

-4-

function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).

Plaintiff contends that the ALJ erred by failing to recontact Dr. John Stratton and Dr. Stephen J. Andriese to seek clarification regarding their assessments of Plaintiff's inability to work. The ALJ had before him medical records of Plaintiff's treating physician, Dr. Marc Frick, Dr. J. Eric Zimmerman, Dr. Andriese, Munson Medical Center, neurologist Dr. Brian R. Copeland, the opinion of Dr. Joseph E. Burkhardt, the records of various chiropractors, the Physical RFC Assessment of non-examining consultant A. Hoskins, and the Psychiatric Review Technique form of Dr. Dennis Beshara. The records reveal the nature and extent of Plaintiff's condition over a period of time from December of 2002 through May of 2010.

Dr. Stratton's most recent record is dated September 12, 2008. (Tr. 622-626). In the record, Dr. Stratton reported that he believed that Plaintiff would qualify for "any assistance that could be afforded and deemed necessary to help her maintain a semi-quality of life and the basics of medical care." (Tr. 624). Upon physical examination, however, Dr. Stratton found that Plaintiff was able to come up on heels and toes, had a nonantalgic gait, had tenderness to palpation, mostly in the right lumbosacral region, her range of motion was intact, she was neurologically intact in the lower extremities, and had good strength 5/5 extensor hallucis longus,

plantar dorsiflexion, hip flexors and quadriceps. (Tr. 625). Dr. Stratton reported that Plaintiff had a significant amount of tenderness bilaterally in the paraspinous musculature and over the greater occipital grooves, right greater than left with severe tissue tension along the levator scapula on the right up into the cervical neck region which was much worse than the left side. (Tr. 625). He found that this had the appearance of swelling and injury over this area that would certainly be painful with upper extremity use. He also found that Plaintiff's shoulders appeared to have adequate range of motion, and she had no sensory deficits in the upper extremities with good strength +5/5 in all myotomes and reflexes present bilaterally. (Tr. 625). It is also noteworthy that on September 12, 2008, Dr. Stratton noted Plaintiff had "excellent relief of neck pain and accompanying headaches in the back after having radiofrequency denervation of the cervical medial branch nerves. " (Tr. 625).

With respect to Dr. Andriese, in May of 2007, Dr. Andriese opined that it was safe for Plaintiff to do everything except heavy lifting, repetitive bending/twisting at the waist, and repetitive over-the-shoulder activities, which is accounted for in the ALJ's RFC. (Tr. 486). In July of 2007, Dr. Andriese noted that Plaintiff was put on Lyrica and Opana, "which she is finding to be helpful, with near resolution of most of her pain." (Tr. 473). In September of 2007, Dr. Andriese reported that perhaps a functional capacity evaluation might be helpful. (Tr. 472).

On July 31, 2006, Dr. Zimmerman reported that Plaintiff's strength was normal in her deltoids, biceps and triceps, there was no evidence of cervical radiculopathy, there was no evidence of nerve root or spinal compression. (Tr. 86). On December 13, 2007, Dr. Copeland found no definitive abnormality, and that "nothing on her scans that would explain her

symptomology," and that he believed Plaintiff would be best managed as a pain management patient. (Tr. 647). Plaintiff's treating physician, Dr. Frick, indicated in April of 2008 that Plaintiff had done really well with physical therapy, was more functional, moved better, and had fewer pain behaviors. (Tr. 618). On August 13, 2008, Dr. Frick reported that Plaintiff's chiropractor was helpful. (Tr. 615). Even though Dr. Frick subsequently opined that Plaintiff was disabled, on June 2, 2009, he admitted that he last saw Plaintiff in August of 2008. (Tr. 619).

Based upon the foregoing, it is clear that there was sufficient evidence from which the ALJ could make a determination of Plaintiff's functional abilities. It is also clear that the ALJ considered the opinions of all of Plaintiff's treating sources, and gave them appropriate weight.

**B.  Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective

-7-

complaints, including the Polaski factors. The Court finds Plaintiff's argument to be without merit, and finds that there was sufficient evidence for the ALJ to make an informed decision and to support the ALJ's credibility findings.

### C.     RFC Determination and Weight of Opinion Evidence:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, as indicated above. The ALJ also considered Plaintiff's subjective complaints and medical records when the ALJ determined Plaintiff maintained the RFC to perform light work with certain limitations. The ALJ specifically addressed and considered the weight to be given to the examining, non-examining, and treating physicians, and the Court agrees with the weight given by the ALJ. More specifically, the ALJ was warranted

-8-

in giving less weight to the statements of Dr. Stratton, Dr. Frick, and the nurse practitioner R. Shook, and in giving greatest weight to Dr. Andriese's September 2007 opinion, also one of Plaintiff's treating physicians, since his opinion was based upon a thorough series of physical examinations reflected within his treatment notes. (Tr. 20-21). The ALJ recognized that it was reasonable to conclude that Plaintiff's cervical and lumbar spine disorder compromised her physical capabilities, and stated that the overall record did not establish that her impairments, either singly or in combination with her headaches, imposed limitations greater than those reflected within the RFC determination of his decision. (Tr. 20).

The Court finds that the RFC took into consideration all of the limitations which were supported by the record. Therefore, the Court finds there is sufficient evidence to support the ALJ's RFC findings.

**D. Past Relevant Work:**

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

1. The actual functional demands and job duties of a particular past relevant job; *or*

2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

Case 2:11-cv-02196-ELS Document 9 Filed 10/12/12 Page 10 of 11 PageID #: 54

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

In this case, the ALJ relied upon the testimony of the VE who testified that Plaintiff's past work as a court clerk would have been skilled and light in exertional level and that her work as an office coordinator and real estate agent for a real estate office would also have been skilled and light. (Tr. 69). The VE stated that there would be transferable skills from those positions to sedentary and that some of those positions were more typically performed at the sedentary exertional level. (Tr. 69). More specifically, the ALJ testified that some of the skills from the office coordinator position that would transfer would include her knowledge of "data and entry, her receptionist and phone skills, and just basic clerical skills. " (Tr. 69). The VE said that these skills would transfer to positions such as receptionist and general clerk position. The VE also testified that Plaintiff's physical limitations would have no impact on her past work, (Tr. 70). See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999)("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work")(citations omitted). Accordingly, the ALJ properly concluded Plaintiff could perform her past relevant work as a court clerk and receptionist/office coordinator.

The Court finds there is substantial evidence to support the ALJ's finding that Plaintiff could perform her past relevant work.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

-10-

AO72A
(Rev. 8/82)

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of October, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE